[Doc. No. 37]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| W.P., parent and natural guardian of B.P., a minor, et. al., | : | |
| Plaintiffs, | : | |
| v. | : | Civil No. 05-5377(NLH) |
| THE BARRINGTON SCHOOL DISTRICT and PATRICIA MOORE, | : | |
| Defendants, | : | |
| v. | : | |
| RICHARD MORGENROTH, | : | |
| Third Party Defendant. | : | |

### ORDER

This matter is before the Court on the "Motion of Plaintiff, W.P., parent and natural guardian of B.P., for Court Approval to Compromise a Minor's Action" [Doc. No. 37], filed by W.P., as parent and natural guardian for her daughter, B.P., by and through her attorney, Jeffrey P. Fritz, Esquire; and no opposition being filed to the Motion; and the Court having held a hearing on Plaintiff's Motion on June 20, 2008; and the Court having heard testimony from B.P.'s parent and guardian, W.P., B.P. and Plaintiff's financial consultant;

NOW, THEREFORE, in support of this Order the Court makes the following findings:

1.  The Complaint in this matter was filed on November 14, 2005. See Doc. No. 1. Plaintiff alleges injuries as the result of harassment committed by Third Party Defendant, Richard

Morgenroth (hereinafter "Morgenroth"), between September, 2003 and April, 2004, while B.P. was a student at the Woodland School, part of Defendant, Barrington School District (hereinafter "Barrington").  Defendant, Patricia Moore (hereinafter "Moore"), was the principal of the Woodland School.

2.      B.P. was born on September 12, 1991.  She will reach the age of majority on September 12, 2009.

3.      As a result of the alleged incidents, B.P. alleges she suffered emotional distress. In addition, Plaintiff claims legal fees incurred to defend a lawsuit brought by Morgenroth against B.P. in the Camden County Superior Court, Law Division, Docket Number CAM-L-5324-05.

4.      Plaintiff has agreed to settle with Barrington and Moore for $18,418.40.  Plaintiff and Barrington and Moore have executed releases.

5.      Liability in the case was contested by Barrington and Moore.  These parties also had serious insurance coverage issues with their insurer.

6.      It is not anticipated that B.P. will incur any future treatment related to the incidents in question.

7.      Plaintiff's counsel has incurred out-of-pocket costs in the prosecution of this lawsuit and has prepared a breakdown of costs attributable to Plaintiff which totals $869.08. Plaintiff has agreed to reimburse Plaintiff's counsel for their out-of-pocket costs from the settlement proceeds.  Plaintiff's counsel also proposes attorney's fees in the amount of $3,381.75, or 19.27% of the net settlement to Plaintiff.  Plaintiff also approved a proposed Statement of Distribution that included a total payment of $4,250.83 in costs and attorney's fees to Plaintiff's

counsel.

8. In connection with the settlement, Plaintiff proposes to buy a structured settlement annuity ("annuity") with Allstate Life Insurance Company for B.P. at a cost of $12,695.65, which will pay B.P. a lump sum in the amount of $15,454.06 on B.P.'s twenty-third birthday. The Description of Benefits, Statement of Guarantee and the Uniform Qualified Assignment relating to the annuity were submitted to the Court for its review and they are acceptable.

9. The obligation to make the future payment to B.P. rests with Allstate International Assignment, Ltd. ("Allstate International"). In order to fund its obligations, Allstate International will purchase and own an annuity from Allstate Life Insurance Company ("Allstate Life"), a highly rated life insurance company. Allstate Life will issue an irrevocable Statement of Guarantee for the obligations accepted by Allstate International.

10. The Court approves the form of B.P.'s annuity.

11. Given the liability issues in dispute and the potential insurance coverage issues regarding Barrington and Moore, the settlement of B.P.'s claims for the total amount of $18,418.40 is fair and reasonable as to its amount.

12. Taking all relevant factors into account, the settlement adequately compensates B.P. for her past, present and future losses and damages attributable to the claims against Barrington and Moore.

13. Based upon the financial security for the payment due B.P., it is reasonably certain that the future payment will be made.

14. The attorney's expenses and fees incident to this litigation as presented by Plaintiff's counsel and Plaintiff are fair and reasonable and should be reimbursed.

15.     The Court is satisfied after the presentation and review of all relevant facts and evidence, that the circumstances of this case justify depriving B.P. of absolute and unrestricted enjoyment of her estate upon obtaining majority.

Based upon the foregoing findings and for good cause shown;

IT IS on this 2nd day of July 2008 hereby

ORDERED that the settlement of this case between Plaintiff and Barrington and Moore in the total amount of $18,418.40 is APPROVED; and it is further

ORDERED that to the extent not already done, within thirty (30) days of the date of entry of this Order Barrington and Moore and/or their insurers shall fund this settlement; and it is further

ORDERED that the sum of $12,695.65 from the settlement proceeds shall be used to fund the referenced structured settlement annuity purchased for B.P.; and it is further

ORDERED that within thirty (30) days of the date of this Order the sum of $4,250.83 shall be paid to Plaintiff's counsel out of the settlement proceeds to reimburse Plaintiff's counsel for their necessary costs and attorney's fees in prosecuting this litigation.  B.P. shall be under no further obligation to pay any additional attorney's fees.  Plaintiff's counsel shall be solely responsible for paying the fee due to any of their associated counsel; and it is further

ORDERED that the sum of $1,471.92 shall be paid to Plaintiff's attorneys for reimbursement of the costs B.P.'s parent incurred related to this litigation.  Plaintiff's attorney shall promptly forward this sum to B.P.'s parent who incurred the cost; and it is further

ORDERED that no Bond is required for any of the distributions pursuant to this Order; and it is further

ORDERED that nothing in this Order eliminates the need for the named Plaintiff and Defendants to comply with all applicable laws regarding the distribution to B.P.; and it is further

ORDERED that notwithstanding any provision to the contrary that may exist in any of the settlement documents, all documents and agreements referred to herein shall be interpreted in accordance with New Jersey law; and it is further

ORDERED that since the claim of B.P. is settled and the settlement has been approved by the Court, that the claims of B.P. shall be dismissed with prejudice by the Clerk of the Court and this shall be noted on the Court's docket.

/s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge